In the Matter of the Claim of GEORGE E. MOORE, Respondent, against FORD MOTOR COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 13, 1959.

*Murphy, Aldrich, Guy, Broderick & Simon* (*Henry S. Bayly* and *J. Paul Troue* of counsel), for appellant.

*Dante M. Scaccia* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J. An employer appeals from a decision and award of the Workmen's Compensation Board for claimant's partial disability due to tinnitus in both ears, found by the board to be an occupational disease caused by exposure to noise from ribbing machines used in the process of assembling automobile heater cores.

The machines operated by air pressure and compressed air was released from each about 42 times per minute. Claimant described the noise as " hissing " and, also, as " high-pitched ", as to which he was competent to testify (cf. Richardson, Evidence [8th ed.], § 384), and said that he worked 10 to 12 feet from the exhaust valve of his particular machine and that the noise from the three machines in his area made it necessary for him to shout in order to be heard by a coworker five feet away.

While at work, claimant developed " a fullness in the ears as though something was blocking them, like at high altitudes " and during the next month, after working on the machine for three or four hours would become dizzy and nauseated.

Claimant's treating physician testified to a diagnosis of " neural deafness which I feel is occupational ". Later, in response to a hypothetical question, he said that, assuming the

noise was of high frequency, he " would say that this is an acoustic trauma ". By " ruling out " other possible causes of claimant's condition, " I can only find one cause for the damage  *  *  *  and that is steady exposure to noise."

Appellant objects that in answering the hypothetical question the doctor assumed the intensity of the noise from the history given him by claimant rather than the " considerable amount " which the question assumed, but claimant had testified to the fact assumed by the doctor, that is, the necessity of shouting in order to be heard. Thus the assumption was not unwarranted or unproven and, since the board is not bound by strict or technical rules of evidence and procedure (Workmen's Compensation Law, § 118), it was entitled to give probative force to the opinion. The assumption being supported, certainly no useful purpose would be served by remitting to permit the question to be reframed. Further, the doctor had testified to causation before the hypothetical question was asked, on the basis of his examination and treatment.

Appellant advances other objections to the doctor's testimony as conjectural and not based on actual and accurate measurement of the environmental noise; but the doctor said that he was able to state an opinion with " reasonable medical certainty " upon the facts assumed; there is no demonstration that he could not; and the weight of his testimony was, therefore, for the board. In any event, appellant's scientific proof as to noise levels, both over-all and high frequency, tends to corroborate claimant's description rather than the contrary.

Appellant contends, also, that the proof indicates that claimant was " susceptible " to the condition, but predisposition does not bar an award if an employee " develops what would ordinarily be an occupational disease ", and occupational disease will be found if there is " a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort." (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558, 561, 560.) The board was warranted in finding that this test was met. That the disease is uncommon does not necessarily remove the question from the board's domain of fact, as was held in *Matter of Preusser* v. *Allegheny Ludlum Steel Corp.* (4 A D 2d 727, affd. 4 N Y 2d 773), in which the employer argued unsuccessfully that the disease was not occupational because there was no proof that the harmful exposure would be injurious to the average workman. (See, also, *Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313, 318–319 [cited and approved in *Detenbeck, supra*]; 1 Larson, Workmen's Compensation Law, § 41.62, p. 611.)

. The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, COON and HERLIHY, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.