HARRY MEINEN v. ROBERT DASHOW AND ANOTHER.

167 N. W. (2d) 730.

April 25, 1969—No. 41188.

270

*Mahoney & Mahoney, Richard P. Mahoney,* and *John F. Angell,* for relators.

*Hyman H. Cohen,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.

On August 27, 1962, Harry Meinen was struck by an automobile in Cabazon, California, and sustained personal injuries. On September 7 of that year, Robert Dashow of Rochester, Minnesota, insured by American Insurance Company, filed a report of injury concerning this accident with the Minnesota Workmen's Compensation Commission. The American Insurance Company paid workmen's compensation to Mr. Meinen for the period from September 4 to October 1, 1962. It filed proof of these payments with the commission.

On October 23, 1962, the insurer filed with the commission a "Notice of Denial of Liability," which stated in part:

"* * * You are hereby notified that after a thorough investigation we deny liability under the Workmen's Compensation Act for the following reasons: Payment made in error. The employee herein was not an employee but an independent contractor within the meaning of the workmen's compensation law."

The commission, by letter dated October 24, 1962, informed Mr. Meinen that liability for compensation had been denied.

About 4 years elapsed during which the employee tried unsuccessfully to pursue possible third-party action against the driver of the automobile which struck him, but took no action to enforce his rights, if any, under the Workmen's Compensation Law.

On January 12, 1967, the employee filed a claim petition alleging that he was permanently and totally disabled as a result of the accident of August 27, 1962. The employer-insurer denied liability and asserted by answer that the petition was barred by Minn. St. 176.151(1), which provides:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commission, but not to exceed six years from the date of the accident."

The referee to whom the matter was assigned determined that the payments of compensation made by the insurer and the filing of evidence of such payments with the commission constituted a "proceeding" within the meaning of § 176.151(1), and therefore the injured employee's claim for compensation was made within the 2-year period specified by this section of the statutes.

Upon appeal to the commission this determination was affirmed, one commissioner dissenting. The limited issue before this court is whether the payments of compensation and the proof thereof filed with the commission can be said to constitute a "proceeding" within the meaning of the statute, notwithstanding the employer-insurer's denial of liability filed after these payments were made.

In our opinion, affirmance is required by our holding in Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732, recently relied on in Knopp v. Gutterman, 258 Minn. 33, 102 N. W. (2d) 689. In the Nyberg case the employer paid 7 weeks of compensation together with certain medical and hospital expenses, and a final receipt was filed with the commission. It was held that the transaction amounted to a proceeding within the meaning of the statute. In the Knopp case it was held that pay-

ment of medical and hospital bills in compliance with the provisions of the Workmen's Compensation Act after the employer's report of injury had been filed constituted a proceeding before the commission within the meaning of the statute. Upon the authority of these cases, we must hold that when the employer filed with the commission a report of the accident of August 27, 1962, and then four payments of compensation were made to the employee, proof of which was also filed with the commission, a "proceeding" was commenced. This being so, the 2-year limitation provided for in § 176.151 has no application.

That the employer-insurer decided that the payment was made in error and filed its denial of liability about 2 months after the accident occurred does not alter the situation. By the terms of § 176.221, subd. 1, a "person responsible for payment of compensation" is required to commence payment within 30 days from the date of knowledge of a compensable injury unless within that 30-day period the employer or insurer files with the commission a denial of liability or a request for an extension of time within which to determine liability. No extension of time having been requested, the denial of liability filed on October 23, 1962, was not timely. Even if it had been, we do not see how a change of mind on the part of the employer-insurer could transform acts constituting proceedings before the Workmen's Compensation Commission to something less than that.

If the employer-insurer was justified in refusing to make the payments, it will be relieved from responsibility by a determination of this matter on the merits. If it was not justified in denying liability, its denial should not work to the prejudice of the employee.

In a separate concurring opinion, Commissioner Laurence F. Koll, recognizing the controlling effect of the Nyberg and Knopp cases, writes:

"From a policy standpoint, the result of the majority is undesirable. Prompt payment of compensation would be discouraged, since the employer-insurer would tend to file a denial of liability until such time as it could determine whether or not the injury was compensable. Presently, it is not unusual for compensation payments to be made to the injured employee during the investigative period in order to effectuate the intention of the Workmen's Compensation Act. For the same reason, contested workmen's compensation cases would increase. Moreover, under circum-

stances similar to the case before us, the burden is put upon the employer-insurer to expend additional sums for costs and attorney's fees to obtain a determination by the Referee that the injury is not compensable, even though a denial of liability is filed after compensation is paid and the employee acquiesces thereto."

The employer-insurer urges that the Nyberg and Knopp cases should be overruled because of policy considerations summarized by Commissioner Koll. In our judgment, these are matters which should be evaluated by the legislature. We do not feel that we would be justified in rejecting the rationale of the Nyberg case, which has been recognized authority in this jurisdiction for over 30 years. We conclude that the decision of the Workmen's Compensation Commission must be affirmed.

Attorney's fees in the amount of $150 are allowed.

Affirmed.