JAMES R. BROCHU v.
UNITED STATES STEEL CORPORATION.

237 N. W. 2d 833.

January 16, 1976—No. 45225.

*Hanft, Fride, O'Brien & Harries, Tyrone P. Bujold,* and *Raymond L. Erickson,* for relator.

SCOTT, JUSTICE.

This is a proceeding arising under the Workers' Compensation Act. Relator, United States Steel Corporation, raises the issues of the sufficiency of the evidence to sustain a finding of the Workers' Compensation Board that respondent, James R. Brochu, suffered a work-related injury on March 19, 1959, and whether the statute of limitations has barred respondent's claim against relator.

Respondent was employed by relator on March 19, 1959, after undergoing a preemployment physical. His job entailed wrapping fence posts in five-post packages and loading them on a conveyor. Each bundle was estimated to weigh between 30 and 40 pounds. Respondent stated that prior to commencement of this employment he had no back problems, but in the process of stretching and reaching with the bundles he developed pains in the lower back as well as minor pain in his right leg. On May 1, 1959, he was directed by the foreman to the infirmary where he claims to have received heat treatment for the problem. He did not miss any time from work but did consult a private physician in June and July 1959 with similar back complaints. The pain has been continuing and recurrent since that time.

After a series of work layoffs unrelated to his physical condition, respondent was reexamined and rehired by relator on Febru-

ary 2, 1962. During a subsequent layoff he consulted with relator's physician, Dr. James E. Munger, who reported on February 4, 1963, that the back pain was the result of a "spontaneous onset" with no recollection by respondent of a specific causal event.

Relator was hospitalized on February 5, 1963, at the direction of his personal physician, and on May 6, 1963, a laminectomy was performed to ameliorate the low back and leg pain. A large percentage of the medical costs was paid under health insurance provided by relator and pursuant to respondent's application with relator. This coverage, however, was not conditioned upon a causal connection between respondent's employment and his injury or illness.

In September 1971 respondent sustained a work-related aggravation of the underlying back condition for which he sought compensation by a petition dated September 15, 1972.

In affirming the decision of the compensation judge, the board concluded that respondent suffered a 15-percent permanent partial disability of the back as a result of a compensable personal injury on March 19, 1959, and that between September 1 and September 7, 1971, he sustained a compensable personal injury resulting in a 5-percent permanent disability of the back.

Relator contends that Minn. St. 176.151(1) [1] would operate to bar this action for compensation. The board analyzed the factors of relator's furnishing of medical treatment to respondent, relator's knowledge of the condition, and relator's control over respondent's medical records. In addition, it reasoned that since relator did not communicate respondent's claim to the board

---

[1] Minn. St. 176.151 provides in pertinent part: "The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commissioner of the department of labor and industry, but not to exceed six years from the date of the accident."

which, when coupled with medical insurance benefits available in any event, would have advised respondent of his rights to compensation for a work-related injury, it was primarily responsible for respondent's failure to commence this proceeding within the technical statutory time limitations.

Although the evidence of medical treatment provided in May 1959 is minimal, we are of the opinion that it was sufficient to justify the board's finding that a "proceeding" had been commenced within the time limitation specified by § 176.151(1). Knopp v. Gutterman, 258 Minn. 33, 102 N. W. 2d 689 (1960); Cowell v. Minnegas Co. 286 Minn. 535, 176 N. W. 2d 84 (1970).

In addition there is sufficient evidence from which the board could find that the back condition was the result of work-related trauma and therefore was compensable.

Affirmed.