## ROBERT WEIDEMANN v. KEMPER INSURANCE GROUP AND ANOTHER.

251 N. W. 2d 117.

February 18, 1977—No. 46447.

*Van Eps, Gilmore & Chantry* and *George R. Benton,* for relators.

*Weaver, Talle & Herrick* and *Charles R. Weaver,* for respondent.

Heard before Rogosheske, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

The employee, Robert Weidemann, was awarded temporary total disability benefits for a work-related aggravation of a mental disorder from the Kemper Insurance Group, his self-insured employer.[1] On certiorari, the employer contends that since the employee's claim petition was filed more than 2 years after the employee's first report of injury, the Workers' Compensation Commission erred in refusing to deny relief under Minn. St. 1971, § 176.151(1), which provides:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1)   Actions or *proceedings* by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commission, but not to exceed six years from the date of the accident." (Italics supplied.)

The employee argues that the 2-year period was tolled by the employer's payment on August 23, 1973, of long-term disability and medical expenses under a policy of group health insurance.

---

[1] Kemper Insurance Group consists of a number of separate companies including, but not limited to, Lumbermens Mutual Casualty Company and its subsidiary, American Motorists Insurance Company, which were the group insurers in this case.

This payment was made in consideration of a written release signed by the employee, who testified that the release was intended to absolve the employer and its group health insurer from further liability under both the insurance policy and the Workers' Compensation Act. We hold that the commission, upon adequately supported findings that the release was intended to include a release of the employee's compensation claim, correctly concluded that such payment constituted a "proceeding" which tolled the running of the 2-year limitation.[2]

The employee was a claim adjustor for the Kemper Insurance Group and its affiliates from April 1961 until June 10, 1972. He had a long history of migraine headaches, beginning in 1965 when he suffered approximately two attacks per year. By 1972, these headaches had become almost a weekly occurrence and the symptoms had become much more severe. These symptoms were described by the employee as a blurring of the vision, violent head pain, and general numbness throughout the left side of his body.

In early March 1972, he was hospitalized for one week, and following discharge he remained at home until March 28, 1972. Upon returning to work he requested the appropriate form for filing a claim for workers' compensation benefits, which he subsequently completed and gave to his supervisor. This form and the employer's denial of liability were filed with the commission on April 11, 1972. After the employee returned to work, he was only assigned menial duties, which caused further depression. By April 24 his condition had deteriorated to the point where

---

[2] Because of deficiencies in proof, we find no significant merit in the employee's contentions that (1) the filing of the first injury report was defective since it was not filed by the employer in compliance with Minn. St. 1971, § 176.151(1); (2) the statute of limitations was alternatively tolled under § 176.151(6) because of his mental incapacity; and (3) the payment of wages by the employer after the reported injury was intended to be in lieu of compensation and thus tolled the statutory period. Krossen v. Oliver Iron Mining Co. 250 Minn. 430, 85 N. W. 2d 193 (1957).

he was no longer able to work. He was paid his regular salary until June 10, 1972, when his employment was terminated. In August 1972 he was again hospitalized for about one month, and since that time he has remained on medication with little hope of immediate recovery. Unrefuted medical testimony by the employee's treating psychiatrist established that he was totally disabled as a result of a mental disorder aggravated by his employment.

During his employment, he elected to be covered under the employer's group insurance plan which provided hospitalization, medical, and long-term disability benefits. A substantial portion of the employee's medical expenses was apparently paid by the group insurer in 1972. During that same year the employee filed a claim for disability benefits with the group insurer. In 1973 negotiations, participated in by representatives of the group insurer and Kemper Insurance Group, resulted in the execution by the employee on August 23, 1973, of a written release of all past, present, and future claims in consideration for the payment of $5,800. On May 3, 1974, more than 2 years after the April 11, 1972, report and the employer's denial of liability were filed, the employee filed this claim petition for workers' compensation benefits.

We have long held that payment of disability benefits by an employer following a compensable injury may give rise to a "proceeding" within the contemplation of Minn. St. 176.151(1). Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732 (1934).[3] Similarly, the payment of medical expenses may be a "proceeding" that results in tolling the statute of limitations. Knopp v. Gutterman, 258 Minn. 33, 102 N. W. 2d 689 (1960).[4] These payments amount to "proceedings" within the contemplation of § 176.151(1) if they are made and accepted

[3] See, also, Meinen v. Dashow, 283 Minn. 269, 167 N. W. 2d 730 (1969).

[4] See, also, Brochu v. United States Steel Corp. 307 Minn. 38, 237 N. W. 2d 833 (1976); Cowell v. Minnegas Co. 286 Minn. 535, 176 N. W. 2d 84 (1970).

with the intention of being in lieu of compensation benefits. Furthermore, the payment of these benefits is required by § 176.521, subd. 1, to be reported to and supervised exclusively by the commission. To permit an employer to make unreported payments of the type of benefits compensable under the Workers' Compensation Act and thereafter assert the statute of limitations when the employee files an untimely claim would be subversive of the purposes and objectives of the act. Rasmussen v. City of St. Paul, 215 Minn. 458, 10 N. W. 2d 419 (1943); Fitzgerald v. Northwest Automatic Products, Inc. 27 W. C. D. 340 (1974).

Whether such unreported payments are made and accepted in lieu of compensation is usually a question of fact. The specific factual question in this case is whether the payments and release were intended merely as a settlement of the employee's group insurance claim or whether it was also intended to release his compensation claim. We believe that the testimony of the employee and the language of the release adequately support the commission's finding of an intent to settle and release the employee's compensation claim. While the employee's testimony on this issue on direct and cross-examination was not wholly consistent, he did explicitly state that he accepted the payment and signed the release with the understanding that it settled both claims. The employer offered no directly contradictory testimony of this or any other issue. More significantly, the language of the release provided in pertinent part:

"* * * This agreement shall also release the said insurer from any disability claim and any major medical for recurrences or complications from said injuries or illnesses and any and all claims, past, present or future *arising out of employment* with Lumbermens Mutual Casualty Company." (Italics supplied.)

Although the release, read as a whole, is arguably susceptible of various interpretations, in the absence of any evidence bearing on the intention of the employer, the commission was fully justified in construing it to support the employee's testimony that

it was intended as a settlement of all claims "arising out of employment," including his workers' compensation claim.

Respondent is allowed $400 attorneys fees.

Affirmed.