Clement SAVINA, Respondent,

v.

LITTON INDUSTRIES/LITTON
MEDICAL SYSTEMS, Relator.

Reliance Insurance Company,
Intervenor-Respondent.

No. C7-82-162.

Supreme Court of Minnesota.

March 4, 1983.

Gilmore, de Lambert, Aafedt, Eustis &
Forde, Andrew W. Lynn and Janet Monson,
Minneapolis, for relator.

Michael J. Garvey, Jr., St. Paul, for re-
spondent.

AMDAHL, Chief Justice.

Employer, Litton Industries/Litton Medi-
cal Systems (Litton), seeks review of a deci-
sion of the Workers' Compensation Court of
Appeals awarding employee compensation
for permanent partial disability. Litton
contends that, because the employee's claim
petition was filed more than 6 years after
the date of the accident, the employee's
claim is barred by the applicable statute of
limitations, Minn.Stat. § 176.151(1) (1982).
It is not disputed that the employee did not
formally commence a proceeding to recover
workers' compensation benefits until over
7 years after the date of his injury.
The Court of Appeals found, however, that
the actions of Litton in arranging for the
payment of wages and disability benefits
after the employee had notified it of his
work injury constitute an "action or pro-
ceeding" within the meaning of Minn.Stat.
§ 176.151(1) (1982) that is sufficient to toll
the 6-year limitations period. We affirm.

The employee is a 52-year-old man who
worked servicing medical equipment from
approximately 1959 until his last day of
work in November of 1976. For the last 11
of those years, he was employed by Litton.
In November of 1972, while installing a
urological table for Litton, the employee
experienced a sharp pain in his lower back

and right leg.[1] He continued to work, but called his supervisor about 2 days later to inform him of the injury. About 20 days after the accident, the employee sought treatment from his family doctor, who treated him with traction, heat, and vitamins. The employee's symptoms did not improve and he was referred to a neurosurgeon. He was hospitalized in the summer of 1973 for intensive physical therapy and traction, and underwent surgery on September 14, 1973. The employee remained off work until December of 1973.

The employee had previously elected to be covered under the employer's group insurance plan. All of the employee's medical bills were sent directly to Litton for payment pursuant to this insurance plan, which also paid the employee his full wages while he was out of work from September 9, 1973, to December 1, 1973. No first report of injury form, or other notice of injury form, was filed with the Workers' Compensation Division.

The employee returned to his job in December 1973 on a part-time basis. After attempting to perform the job for approximately 2 months, he found that the pain was so intense that it interfered with his work, which required a substantial amount of walking and driving. After a discussion of these physical problems with his branch manager, the employee agreed to move from Duluth to Minneapolis, in conjunction with a promotion to the job of service coordinator. Nonetheless, in 1974 and 1975 the pain associated with the back problems increased, and his headaches began intensifying. During this period the employee continued to seek medical treatment, and the bills for this treatment were sent directly to Litton and were paid by the group insurer.

Finding it increasingly difficult to perform the work of a service manager, the employee finally resigned from his job with Litton in 1976 and has not worked since that time. Before he left his employment, the employee had a discussion with his branch manager who advised him "to go on disability status." Accordingly, from November of 1976 until June of 1977, the employee received short-term disability benefits through Litton's group insurance plan. In June of 1977 the employee's status changed and he began receiving long-term disability benefits. Thereafter, some 7½ years after the date of injury, the employee formally commenced this workers' compensation proceeding. The employee continues to suffer from persistent and severe pain, and underwent additional surgery most recently in June of 1981.

Litton's primary argument on appeal is that the Court of Appeals erred in refusing to hold the employee's claim petition barred under the applicable statute of limitations, which reads as follows:

> The time within which the following acts shall be performed shall be limited to the following periods, respectively:
>
> (1) Actions or proceedings by an injured employee to determine or recover compensation, three years after the employer has made written report of the injury to the commissioner of the department of labor and industry, but not to exceed six years from the date of the accident.

Minn.Stat. § 176.151(1) (1982). The Court of Appeals found that the wage and disability payments were made in lieu of workers' compensation benefits, and that the payments therefore tolled the running of the statute. It is established that the payment of disability benefits or medical expenses by an employer following a compensable injury may constitute an "action or proceeding" within the meaning of Minn.Stat. § 176.-151(1) (1982) that tolls the running of that statute if the parties intended that the payments be in lieu of compensation benefits. *See Weidemann v. Kemper Insurance Group,* 312 Minn. 157, 160–61, 251 N.W.2d 117, 119 (1977); *see also Knopp v. Gutterman,* 258 Minn. 33, 42, 102 N.W.2d 689, 696 (1960). This rule is in accord with the prin-

---

**1.** The employee had previously severely injured his back in an automobile accident. This accident occurred, however, in the early 1950's, and, except for some numbness in the back of his legs, the employee had no back problems at the time he began working for Litton.

ciple that the Workers' Compensation Act is to be given a liberal construction to achieve its humanitarian purpose by affording coverage in all cases which, under the statute, are reasonably compensable. *See, e.g., Dependents of Lemke v. Knudsen Trucking, Inc.*, 291 N.W.2d 378, 380 (Minn.1980). As we stated in *Weidemann*: "To permit an employer to make unreported payments of the type of benefits compensable under the Workers' Compensation Act and thereafter assert the statute of limitations when the employee files an untimely claim would be subversive of the purposes and objectives of the act." 312 Minn. at 161, 251 N.W.2d at 119–20 (citations omitted).

Litton challenges the Court of Appeals' finding that the unreported wage and disability payments were made and accepted in lieu of workers' compensation benefits. In reviewing the factual findings of the Court of Appeals, it is not the role of this court to try the matter de novo and substitute alternative findings. Rather, our role is more limited and our review is more narrowly focused. We view the evidence in the light most favorable to the factual determinations of the Court of Appeals and such findings will be upheld "unless consideration of the evidence and inferences permissible therefrom requires reasonable minds to adopt a contrary conclusion." *Talmage v. Medtronic, Inc.*, 315 N.W.2d 433, 437 (Minn.1982) (citations omitted).

Applying this standard in our review of this matter, we conclude that there is sufficient evidence in the record to support the Court of Appeals' determination that the wage and disability payments were made and accepted with the intent that they be in lieu of compensation benefits, and therefore that the statute of limitations was tolled. Evidence in the record clearly supports the Court of Appeals' findings that the employer had proper notice of the employee's work-related injury and had continued knowledge of the difficulties he was experiencing because of the residuals of this injury. Litton was fully aware of the employee's need for repeated medical treatment and of his eventual inability to continue work, and did nothing to indicate to the employee that it was not accepting his injury as work related. The record also supports the Court of Appeals' finding that the employee accepted wage and disability payments with the understanding that they were compensation benefits relating to his work injury. The employee's testimony in this regard is supported by evidence of Litton's knowledge of the injury and of its apparent acceptance that the injury and resulting disabilities were work related. Upon this record, we uphold the determination that the employee's claim for workers' compensation is not barred by Minn.Stat. § 176.151(1) (1982).

Affirmed.