Joseph P. NEUBERGER, Relator,

v.

HENNEPIN COUNTY WORKHOUSE,
and Employers Insurance of Wausau,
Respondents,

and

Western Life Insurance Company, Mutual
Benefit Life Insurance Company, and
North American Life and Casualty Company, Intervenors.

No. CX–83–165.

Supreme Court of Minnesota.

Nov. 23, 1983.

Samuel I. Sigal (Sigal & Miller), Minneapolis, for relator.

Richard L. Plagens (Arndt & Benton, P.A.), Minneapolis, for respondents.

Michael Westermeyer, Minneapolis, for intervenor North American Life & Cas.

Mary Trippler, Minneapolis, for intervenor Mut. Ben. Life Ins. Co.

Marjorie Kress-Joanis, St. Paul, for intervenor Western Life Ins. Co.

SCOTT, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals. The Court of Appeals held that the employee's claim was time-barred by the applicable three year statute of limitations. Minn. Stat. § 176.151, subd. 1 (1982). Joseph Neuberger sought compensation for a heart attack he suffered on October 22, 1976, while an employee of the Hennepin County Workhouse. The employer filed a first report of injury on November 12, 1976, with the Department of Labor and Industry. The employee, however, did not file the claim petition in this case until May 27, 1981, over four years later. The compensation judge found that the employee's claim was timely on the authority of *Weidemann v. Kemper Insurance Group,* 312 Minn. 157, 251 N.W.2d 117 (1977). The Court of Appeals reversed on this issue only, finding *Weidemann* distinguishable, but adopted the other findings.

The facts are largely undisputed. Claimant Joseph P. Neuberger is a high school graduate, but has no other higher education or training. Prior to October of 1976 he had worked as a corrections officer at the workhouse for 22 years. His job was to supervise inmates, keep order among them, and insure that they were properly locked up. Pursuant to these duties, Neuberger supervised a group of about six inmates on October 22, 1976, while they showered. Upon completion of the shower, one inmate adamantly refused to return to the cellblock. Neuberger and two other officers were obliged to carry the inmate bodily

back to his cell, while he resisted "all the way." Upon arrival at the cell, the inmate braced himself against the door and had to be forced inside. Neuberger at this point was sweating, exhausted, and breathing heavily. After locking up the inmate, claimant went to the cafeteria, where he began to feel chest pains. He notified his superior, went home, and then went to North Memorial Hospital. He was hospitalized from October 22 to November 4, 1976. On November 18, 1976, claimant again experienced chest pains and was again hospitalized.

The employer filed a first report of injury on November 12, 1976, with the Department of Labor and Industry. On November 22, the employer's compensation carrier, respondent Wausau Insurance, asked the Department for a 30-day extension of time in which to decide whether to accept compensation liability. The Department granted an extension to December 7, 1976, and Wausau filed a denial of liability on December 8. Meanwhile, the employer's group insurer at that time, intervenor North American Life and Casualty, paid disability and medical benefits to the employee. The group insurer began paying those benefits soon after the injury.[1]

After the claimant received notice that Wausau had denied compensation liability, he went to the workhouse and talked to his supervisor about the benefits he was receiving and long-term disability. His supervisor told him that despite the denial, "you're just as well off on this [disability insurance] 'cause you're getting 70% of your salary." Neuberger realized that the disability payments he was receiving were not compensation benefits. He also believed that he could get either compensation or disability benefits, but could not get both. He thought that he would continue to receive disability payments through age 65, and his supervisor apparently agreed with him on this. The disability payments ceased on July 3, 1980, less than four years

after they began. The claimant was then 55 years old.

The Workers' Compensation Court of Appeals found that the claimant had suffered a myocardial infarction or heart attack, and that his injury arose out of and in the course of employment. It also found that, as a result of his injury, Neuberger had incurred a 25-percent permanent partial disability, and that he has since been disabled from sustained gainful work activity. The employer and insurer do not challenge these conclusions.

The Court of Appeals held, however, that the employee's claim was barred by the statute of limitations. The Act provides that "actions or proceedings" to recover compensation must be commenced within three years after the employer files a first report of injury. Minn.Stat. § 176.151, subd. 1 (1982). We reverse and remand.

The employee argues that even if the employer's payment of disability benefits failed to toll the statute of limitations when considered alone, the employer should nevertheless be estopped from pleading the time bar. We agree, and find this issue dispositive. The evidence indicates that when the employee received notice that Wausau had denied his claim, he went to the workhouse and sought out his supervisor to discuss the denial, as well as the disability benefits. The supervisor told him he was "just as well off" on disability, or perhaps even better off on disability than on workers' compensation. This assessment was plainly incorrect, as the employee discovered some three and a half years later when his disability benefits suddenly ended.

This court recently considered the applicability of the equitable doctrine of estoppel to workers' compensation cases. In *Kahn v. State,* 289 N.W.2d 737 (Minn.1980), we held that where an agent of the employer misled the employee's husband into believing her injury was not compensable, and the em-

---

1. This court has encouraged sickness and accident insurers to begin paying benefits immediately in cases of doubtful liability. *See Repo v. Capitol Elevator Co.,* 312 Minn. 364, 252 N.W.2d 248 (1977). Such payments therefore do not necessarily reflect the accident insurer's judgment that the injury is not compensable under the Workers' Compensation Act.

ployee failed to file a timely claim as a result, the employer was estopped from asserting the time bar. There, we stated that the employer "will not now be permitted to raise this delay [in filing], induced by its own agent, to bar respondent's claim." 289 N.W.2d at 746. *See also Northern Petrochemical Co. v. United States Fire Insurance Co.,* 277 N.W.2d 408 (Minn.1979); *Willmar Poultry Co. v. Morton-Norwich Products, Inc.,* 520 F.2d 289, 296 (8th Cir.1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976).

We also find that the employer is estopped from pleading the statute on these facts. Although the employer did not, as in *Kahn,* represent that the injury was not compensable, the effect of the employer's representation was the same. In both cases the employee was misled, and was thereby induced not to file a claim. Although the employer's agent was not hired to give quasi-legal advice in this case, neither was he in the *Kahn* case. In *Kahn,* the employer's agent was a social worker. *Kahn v. State,* 289 N.W.2d at 740. This court in *Kahn* implicitly recognized that it is reasonable for an employee to rely on the employer's presumably greater knowledge of such matters. Other courts have explicitly held to this effect. *See, e.g., Davis v. Jones,* 661 P.2d 859, 861 (Mont.1983); *Reynolds v. Workers' Comp. App. Bd.,* 12 Cal.3d 726, 117 Cal.Rptr. 79, 527 P.2d 631 (1974). Surely this reasoning applies here, where a 51-year-old employee with no education beyond high school sought out his supervisor for advice. The employee cannot be presumed to have known the full ramifications of a decision not to file a compensation claim. The employer and its agent were fully aware of the employee's work injury and of the circumstances surrounding it. The supervisor could have suggested that he seek legal advice from the Department of Labor and Industry. The evidence indicates that the employer's payments of "long-term" disability benefits, coupled with the misleading assurances of the employer's agent, whether or not purposely deceptive, were the primary reasons for the employee's failure to file a compensation claim. Where this is true, the employer is "primarily responsible" for its employee's failure to file, and we hold in this case that the employer is estopped from pleading the statutory time bar against its injured worker. *See Brochu v. United States Steel Corp.,* 307 Minn. 38, 40–41, 237 N.W.2d 833, 834 (1976); *Kahn v. State,* 289 N.W.2d at 745. Such a holding is in accord with the general policy of compensation law, that benefits should be provided for all injuries that are reasonably compensable under the statute. *See Savina v. Litton Industries/Litton Medical Systems,* 330 N.W.2d 456, 458 (Minn.1983).

We need not reach any other issue raised and therefore remand for appropriate action in accordance with this opinion, including the determination of attorney fees previously raised below. Attorney fees of $400 are awarded to relator on this appeal.

Reversed and remanded.