**John S. DOTOLO, Respondent (C2–85–892), Relator (C3–85–920),**

v.

**FMC CORPORATION and National Union Fire Insurance Company, Respondents (C3–85–920), Relators (C2–85–892),**

**Blue Cross & Blue Shield Company of Minnesota, intervenor, Equitable Life Assurance Society of United States, intervenor, Respondents.**

**Nos. C2–85–892, C3–85–920.**

Supreme Court of Minnesota.

Oct. 18, 1985.

---

Roger H. Willhaus, John J. Horvei, Roseville, for John Dotolo.

Eugene J. Flick, St. Paul, for FMC Corp. and Nat. Union Fire.

Indru S. Advani, St. Paul, for Blue Cross/Blue Shield.

Michael H. Streater, St. Paul, for Equitable Life Assurance.

SIMONETT, Justice.

Is tinnitus (a ringing in the ears) a physical trauma? If so, did the employee's tinnitus cause or aggravate the employee's depression? Did the employee unnecessarily refuse medical treatment so that he was not entitled to compensation benefits? The Workers' Compensation Court of Appeals (WCCA) answered these questions yes. We agree and, with one modification, affirm.

Employee John S. Dotolo, now 64, began working for employer FMC Corporation in 1955 as an inspector. His workplace had some machinery noise. In 1978, after a truck backfired near him, he had ringing in his ears, which, however, improved over time. In October 1981, after working for about a week in an area where a jackhammer was being operated, Dotolo experienced extreme ringing in his ears. This head noise continued, resulting in sleeplessness, fatigue, and inability to concentrate, and after about 4 months the employee stopped working. Two psychiatrists who examined the employee agreed that he suffers from a major depression which disables him from any work. Two otolaryngologists who examined Dotolo agreed he suffers from tinnitus, a well-recognized, not uncommon, medical condition. The doctors testified that tinnitus is a subjective feeling of head noise that cannot be demonstrated by objective findings. Neither could the doctors detect any normal hearing loss; audiometric tests showed that Dotolo had a sensori-neural loss in high frequencies but normal hearing in the conversational range.

■ 1. In *Lockwood v. Independent School District No. 877*, 312 N.W.2d 924 (Minn.1981), we held that the Workers' Compensation Act does not cover an employee who suffers a mental disability caused by work-related stress without physical trauma. The employer-insurer argue that this case is like *Lockwood* because the employee's depression is a mental disability not caused or substantially contributed to by physical injury. We disagree. Neither the lack of objective findings nor the absence of a compensable permanent partial hearing loss furnishes reason to conclude that tinnitus is not a physical trauma, and, indeed, the record contains substantial evidentiary support that physical trauma occurred. There was expert testimony to support the conclusion of the compensation judge and the majority of the Workers' Compensation Court of Appeals that the employee was exposed to noise which caused sound waves which struck the ear mechanism, resulting in physical trauma. *Cf. Moore v. Ford Motor Co.*, 9 A.D.2d 165, 192 N.Y.S.2d 568 (1959) (tinnitus held to be a compensable occupational disease based on medical testimony that high frequency noise is "an acoustic trauma").

■ 2. The employer-insurer next argue that there is insufficient evidence to support the finding of the compensation judge that the employee's tinnitus caused, aggravated, or accelerated a major depression. There was evidence that the employee had chronic anxiety and depression before the noise episodes of 1978 and 1981, and there was disagreement among the experts whether the tinnitus was related to the depression. We agree with the WCCA that the medical opinions of Dr. Thomas Bieter and Dr. Paul Berry plus the employee's testimony afford adequate support for the compensation judge's findings that the employee's exposure to noise on the job and the resulting tinnitus caused or substantially contributed to the employee's depression.

3. The compensation judge awarded the employee permanent total disability benefits from February 17, 1982. The Workers' Compensation Court of Appeals, however, substituted its finding that the employee was temporarily totally disabled but was not entitled to benefits after December 21, 1982, because the employee at that time

failed to accept reasonable medical treatment. The employee challenges the suspension of benefits, arguing that his rejection of the suggested treatments for his tinnitus was not unreasonable. The doctors recommended biofeedback, masking, behavioral modification, and psychiatric treatment. The employee contends that the treatment for tinnitus is often unsuccessful; that masking (introducing noise into the ears to mask the tinnitus noise) may add to his hearing loss; that his tinnitus was aggravated during certain impedance testing; and that the medical experts agree that there is no surgical or medical cure for tinnitus. The employee also argues that his total disability is due to his depression and that Dr. Bieter expressed grave doubts if he would ever be able to work again.

 Benefits may be suspended if the employee has refused reasonable medical treatment. *See Reese v. Preston Marketing Association*, 274 Minn. 150, 142 N.W.2d 721 (1966). Whether refusal of treatment is reasonable requires a "weighing of the probability of the treatment's successfully reducing the disability by a significant amount, against the risk of the treatment to the claimant." 1 A. Larson, *The Law of Workmen's Compensation* § 13.22(b) (1985). Our review of the record satisfies us that, with the possible exception of the masking treatment (which the evidence suggests might result in some hearing loss and possible discomfort), the recommended treatment employee refused posed no risk to life or health. Moreover, in its decision, the Workers' Compensation Court of Appeals referred employee's medical care to the Commissioner of the Department of Labor and Industry for monitoring pursuant to Minn.Stat. § 176.103 (1984). This should ensure an informed and reasonable selection among the various possible treatments for tinnitus. We are satisfied also that there was sufficient evidence that the recommended treatment would probably result in significant improvement of employee's mental state, whether or not he is able to work, and in his ability to cope with tinnitus. On this record, reasonable

minds could conclude that employee has refused reasonable treatment, and, therefore, we affirm the suspension of benefits. We direct, however, that the decision of the Workers' Compensation Court of Appeals be modified to provide that employee's right to receive temporary total disability benefits will be reinstated from the time he accepts such treatment.

Affirmed, subject to modification upon remand as directed herein.