**Paul H. JOHNSON, Relator,**

v.

**PAUL'S AUTO & TRUCK SALES, INC. and State Automobile & Casualty Underwriters, Insurer, Respondents,**

**Prudential Insurance Company of America, Insurer, Respondent,**

**Minnesota Department of Human Services, intervenor, Respondent.**

**No. C3–87–355.**

Supreme Court of Minnesota.

July 31, 1987.

Hubert H. Humphrey, III, Atty. Gen., James Alexander, Sp. Asst., St. Paul, for Minnesota Dept. of Human Services.

## OPINION

COYNE, Justice.

Paul Johnson seeks review of a decision of the Workers' Compensation Court of Appeals affirming a denial of compensation for mental disability caused in substantial part by work-related mental stress. At issue is whether mental disability caused by mental stress without physical trauma should be compensable. Also at issue is whether physical manifestations of mental disorder constitute compensable physical injuries. We affirm.

Shortly after he graduated from high school, Paul Johnson started fixing cars. Gradually, he began selling used cars, trucks, farm equipment, lawn and garden equipment, motorcycles, and snowmobiles and leasing trucks. Johnson was deeply involved in every aspect of the business. Not only was Johnson directly responsible for a majority of the sales, but he also bought and transported used vehicles, handled customer relations, dealt with bankers, worked with the company's lawyers, did the bookkeeping, pumped gasoline, did much of the body repair and mechanical work, and mowed the grass. Johnson was an energetic, enthusiastic "workaholic" who worked seven days a week, putting in 12–14 hours on weekdays and only somewhat fewer hours on weekends. The business flourished, and as it grew Johnson moved it from a building on his parents' farm to a gasoline station and, finally, into a large modern facility. Eventually, the business employed at least a dozen employees, all of whom Johnson supervised.

In late 1976 or early 1977, Johnson's personality began to change. He seemed disoriented. Johnson's ability to handle financial transactions deteriorated, and he bungled attempts to serve customers or deal with other employees. He encountered difficulty making even minor deci-

Robert C. Falsani, Duluth, for appellant.

Robin D. Simpson, Curtis C. Gilmore and Michael Aafedt, Minneapolis, for Paul's Auto, et al.

James M. Christenson, Minneapolis, for Prudential Ins. Co.

sions.[1] Johnson also exhibited uncontrollable twitching in his face and neck, his hands shook, he sweated profusely, and his stomach hurt.

Because of his inability to manage his business effectively or to perform even the rudimentary duties of his employment, Johnson was off work from August 1977 to February 15, 1978. His attempt to resume his business activities failed. Johnson has not worked since September 27, 1978.

Johnson's treating psychiatrist, Dr. Frank Kiesler, was of the opinion that Johnson has been totally disabled since August 1977 by a chronic, generalized anxiety disorder substantially caused by job stress. Dr. Kiesler described Johnson's physical symptoms as a "patterned in" response to an overload of the nervous system, and he opined that Johnson's condition is permanent.

Dr. Charles McCafferty, who examined Johnson at the insurer's request, stated that in his opinion Johnson suffered from a personality disorder of a mixed type, and he, too, attributed Johnson's condition to job stress.

The compensation judge found that work-related stress was a substantial contributing cause of the psychiatric condition which had permanently disabled Johnson since September 27, 1978. He also found that despite the physical manifestations of his psychiatric condition, such as facial tics and hand tremors, Johnson's psychiatric condition had not resulted in physical injury, and he concluded that the disability was not compensable. The WCCA affirmed.

■ Larson[2] places workers' compensation claims involving mental problems into three categories: (1) cases in which mental stimulus produces physical injury—*e.g.*, *Aker v. State Dep't of Natural Resources*, 282 N.W.2d 533 (Minn.1979) (heart attack caused by emotional stress held compensable); (2) cases in which physical stimulus produces mental injury—*e.g.*, *Dotolo v. FMC Corp.*, 375 N.W.2d 25 (Minn.1985) (depression resulting from work-related tinnitus held compensable); *Hartman v. Cold Spring Granite Co.*, 243 Minn. 264, 67 N.W.2d 656 (1954) (disabling psychological problems caused by work-related back injury held compensable); and (3) cases like the present case in which mental stimulus produces mental injury. Despite the recognition that injuries in the first two categories are compensable, Minnesota denies compensation where mental stimulus produces mental injury. *Lockwood v. Indep. School Dist. No. 287*, 312 N.W.2d 924 (Minn.1981).

■ The employee contends, however, that his claim does not fall into the third category, that as a result of mental stress he has sustained a physical injury which is compensable under *Aker, supra*, and under *Egeland v. City of Minneapolis*, 344 N.W.2d 597 (Minn.1984). Those cases, however, are distinguishable. The emotional trauma suffered by Aker when he recovered two badly decomposed bodies from a remote campsite caused a fatal heart attack. The stress of a police officer's job caused both Egeland's compensable ulcer and his noncompensable depression. Aker's heart attack and Egeland's ulcer were identifiable physical ailments susceptible of discrete medical treatment, separate from and independent of treatment of the employee's emotional condition. Here, on the other hand, the employee's tics, tremors, and stomach cramps have been characterized not as independently treatable physical injuries but as physical symptoms or manifestations of employee's anxiety or personality disorder

---

1. Johnson attributed these changes to an incident in November 1976. At that time, he slipped off a flatbed truck, hitting his head on the ground. As he fell, an implement wheel came off the truck and struck him in the face. Although dazed and nauseated, he drove home. Johnson testified that he was "another person from that day on." Both the treating and examining psychiatrists agreed, however, that it was unlikely that there was any causal connection between Johnson's fall and his psychiatric problems. The compensation judge found that the 1976 occurrence was not a substantial contributing cause of Johnson's psychiatric condition and the WCCA affirmed.

2. 1B A. Larson, *Workmen's Compensation Law*, § 42.20 (1987). This court previously employed Larson's classification in *Egeland v. City of Minneapolis*, 344 N.W.2d 597 (Minn.1984).

and amenable to treatment only as an inseparable aspect of employee's psychiatric condition. That the presence of physical symptoms does not convert a claim based on mental injury caused by mental stress into a claim based on physical injury is illustrated by *Lockwood,* 312 N.W.2d 924 (work-related emotional disorder accompanied by physical symptoms—weight loss, sleeplessness, and stomach cramps—held noncompensable).

Employee also suggests that *Lockwood* be overruled. This we decline to do. We are well aware that the *Lockwood* decision is representative of a minority position and that its result has been the subject of some critical law review commentaries. 1B A. Larson, *Workmen's Compensation Law,* §§ 42.23, 42.25 (1987); Joseph, *The Causation Issue in Workers' Compensation Mental Disability Cases: An Analysis, Solutions, and a Perspective,* 36 Vand.L. Rev. 263, 311 (1983); Note, *Workers' Compensation: Recovery for Psychological Disability Caused by Work-Related Stress,* 66 Minn.L.Rev. 1194 (1982). Nevertheless, workers' compensation is a creature of statute without common law counterpart. When we decided *Lockwood* on the ground that compensation of mental injuries caused by employment-related mental stress through the Workers' Compensation Act was outside legislative contemplation, we expressly invited legislative consideration of the underlying policy issue. The invitation was repeated in *Egeland.* Despite a major revision of the Workers' Compensation Act in 1983 and further amendment in each subsequent legislative session, the legislature has given no indication of an intent to make mental injury caused by work-related mental stress a compensable personal injury within the coverage of the Act. We understand, therefore, that *Lockwood* continues to articulate accurately the public policy embodied in Minnesota Workers' Compensation Act.

Affirmed.

YETKA, Justice (dissenting).

In my opinion, this case further illustrates the folly of *Lockwood v. Independent School District No. 287,* 312 N.W.2d 924 (Minn.1981). For all of the reasons in my dissent in *Lockwood,* I dissent here.