Florence T. CASTNER, Respondent,

v.

**MCI TELECOMMUNICATIONS CORPO-RATION and Travelers Insurance Company, Relators,**

Minnesota Department of Human Services, Intervenor.

No. C2–87–1240.

Supreme Court of Minnesota.

Nov. 30, 1987.

Garland C. Brandt, Minneapolis, for Florence Castner.

Chadwick, Johnson & Condon, P.A., James S. Pikala, Financial Plaza, Minneapolis, for MCI.

Hubert H. Humphrey, III, Atty. Gen., James S. Alexander, Sp. Asst., St. Paul, for Minnesota Dept. of Human Services.

## ORDER

KELLEY, Justice.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals on the compensability of the mental injury issue is reversed and the case is remanded to the compensation judge for further findings in accordance with the memorandum attached hereto.

## MEMORANDUM

In this case, a compensation judge found that the employee, Florence T. Castner, had a work-related physical injury and "concurrent" mental disorder which continued to disable the employee; and she was awarded temporary total disability compensation accordingly. MCI Telecommunications Corporation and its workers' compensation liability insurer appealed, and the Workers' Compensation Court of Appeals (WCCA), by majority opinion, affirmed the award. In Minnesota, mental injuries caused by or aggravated by work-related physical injuries are compensable whereas mental injuries produced by work-related mental stress are not. In addition, physical symptoms or manifestations which accompany a mental injury caused by work-related mental stress and which are amenable to treatment only as an inseparable aspect of the mental injury and are not susceptible to independent medical treatment, do not constitute compensable personal injuries. *Johnson v. Paul's Auto & Truck Sales, Inc.,* 409 N.W.2d 506 (Minn. 1987).

874

■ In employee Castner's case, although the compensation judge found a specific physical injury (cervical and lumbar strain) and a *concurrent* mental injury (psychoneurotic reaction), he combined the two disabilities and determined the employee suffered a work-related compensable personal injury culminating on April 13, 1984. The compensation judge made no specific finding as to the causation, and hence compensability, of the mental injury. *See, e.g., Egeland v. City of Minneapolis,* 344 N.W.2d 597 (Minn.1984). There was substantial evidence presented relating to employee's physical and mental condition; and the WCCA, in disagreeing as to whether the compensation judge found the mental disorder to be caused by the physical injury or work environment, effectively concluded the record would support a finding either way. In the absence of a specific finding on the issue by the compensation judge, we believe it would be in the best interests of all parties that further proceedings be had before the compensation judge, and, if necessary, that further evidence be received and considered, so that specific findings can be made consistent with this court's decisions in *Johnson* and *Egeland,* and an appropriate order thereon be made. *Berg v. Sadler,* 235 Minn. 214, 50 N.W.2d 266 (1951).