Dale L. LOFGREN, Relator,

v.

PIEPER FARMS, et al., Respondents,

and

MN Department of Human
Services, Intervenor.

No. C7–95–1618.

Supreme Court of Minnesota.

Dec. 22, 1995.

John A. Winters, Crookston, for appellant.

Charles W. Reynolds, Crookston, for Department of Human Services.

Kathy Sorenson, St. Paul, for intervenor.

## OPINION

COYNE, Justice.

Certiorari on the relation of employee, Dale L. Lofgren, to review a decision of the Workers' Compensation Court of Appeals remanding the matter for further proceedings. We affirm in part and reverse in part.

Since 1975, the employee worked as a farmhand for Pieper Farms. On March 27, 1985, he sustained an injury to his right eye when a small fragment of metal entered the eye. He had been holding a piece of metal over an anvil while his employer pounded it with a sledgehammer, attempting to straighten it out. The employee felt a needle-like sensation in the eye, but when it subsided quickly, he thought that whatever had come in contact with his eye had "glanced off." That night, the employee awoke with right eye pain. At the time, he thought it was a "flash-burn" caused by standing next to the employer's son who had been welding that day. The eye felt fine in the morning.

On March 30, 1985, the employee was incarcerated for a DWI offense, and after 40 days in the county jail, he was sent to Brainerd State Hospital for chemical dependency treatment as part of a deferred sentence. In May 1985, the employee asked to see a doctor at the hospital because of sensitivity to light and discomfort in the right eye. He

gave a history of a right eye injury 2 months previously due to a "welder's burn." The staff doctor recommended the employee see an ophthalmologist immediately, but because that would mean the employee would have to be returned to the county jail, he elected to wait. In June, hospital counselors advised the employee of the risk of blindness if he delayed treatment for his eye, but he said he was willing to "take that chance."

The employee's eye condition worsened after he left the hospital. In September 1985, when he obtained medical attention for his eye, an X-ray identified a small metallic fragment in the anterior portion of the eye. The employee then inquired of his employer regarding insurance for medical treatment. The employer mistakenly said there was none when, in fact, there was a workers' compensation policy in effect through Farm Bureau Mutual Insurance Company. The metal fragment was surgically removed on October 7, 1985. Over the next several years, the employee had treatment from time to time for right eye problems related to the deposit of the metal fragment in the eye. However, the eye deteriorated further, and in January 1994, it was surgically removed.

The employee filed a claim for workers' compensation benefits on August 28, 1991. The compensation judge denied the claim, finding that it was foreclosed by the 6–year statute of limitations and that the delay in filing the claim was not excused by the latent or trivial injury rule where the employee had notice of the significance and probable compensable character of his right eye injury in May or June 1985. The compensation judge also denied the claim for failure to pursue timely medical treatment. On appeal, the WCCA affirmed the compensation judge's findings with regard to when the limitations period commenced but remanded for findings as to whether the employer should be estopped from asserting the limitations defense. While two members of the WCCA panel declined to address the effect of the employee's delay in obtaining treatment, the third panel member concluded that benefits should not be denied on those grounds.

Minnesota Statutes § 176.151(1) (1984) provides that a claim for benefits for personal injury must be brought within "three years after the employer has made written report of the injury to the commissioner of the department of labor and industry, but not to exceed six years from the date of the accident." Delay in making a claim may be excused for a number of reasons, such as the voluntary payment of benefits by the employer, *Savina v. Litton Indus.*, 330 N.W.2d 456 (Minn.1983); employer's misleading advice, inducing the employee to refrain from making a claim, *Neuberger v. Hennepin County Workhouse*, 340 N.W.2d 330 (Minn.1983); and inability to recognize a disabling condition in an early stage, *Jones v. Thermo King*, 461 N.W.2d 915 (Minn.1990) (*citing Bloese v. Twin City Etching, Inc.*, 316 N.W.2d 568, 571 (Minn.1982), and 2B A. Larson, *The Law of Workmen's Compensation*, § 78.41(a)). As Professor Larson puts it, "the law does not exact the impossible of the employee." *Id.*, § 78.00.

Citing *Beson v. Carleton College*, 271 Minn. 268, 136 N.W.2d 82 (1965); *Bergstrom v. O'Brien Sheet Metal Co.*, 251 Minn. 32, 86 N.W.2d 82 (1957); and *Heise v. Honeywell, Inc.*, 48 Workers' Comp.Dec. 523 (WCCA 1993),[1] the employer contends that the limitations provision of section 176.151(1) prohibits the making of any claim more than 6 years after the date of the accident. Subsequent to *Beson* and *Bergstrom*, however, this court ruled that the employer's payment of disability benefits, coupled with a supervisor's advice "to go on disability status," tolled the 6–year limitation period. *Savina v. Litton Industries*, 330 N.W.2d 456, 457–58 (Minn. 1983).

The coverage of the Workers' Compensation Act is based on the injury; the operative factor in acquiring compensation rights is the injury, not the accident. Moreover, it is no longer disputed that a covered injury encompasses the physical harm of the kind which is unknown to the employee at the time of the accident but which is later revealed, such as an occupational disease or latent wound. The general theory of a limi-

---

1. As the dissenting judges note in the *Heise* case, 48 Workers' Comp.Dec. at 542, 548, neither *Be-son* nor *Bergstrom* involved application of the trivial injury rule.

tations period is that the employee should not dawdle too much in the filing of a claim once it becomes reasonably apparent that he or she has suffered harm which will, or may well, result in an impairment of earning capacity. Consequently, "the statute of limitations begins to run when the employee has sufficient information of the nature of the injury or disease, its seriousness, and probable compensability." *Jones,* 461 N.W.2d at 917 (citations omitted). Here, the employee challenges the findings that he had sufficient information as to the nature and seriousness of his eye condition and its employment relation by May or June of 1985. A careful review of the record, however, does not compel the conclusion that the employee's delay must be excused by the latent or trivial injury rule. *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 61 (Minn.1984).

 The employee also contends that the employer should be estopped from asserting the limitations defense because, in September 1985, the employer mistakenly told him there was no insurance for his injury. The employer explained that at the time there was some confusion about whether his farm was excluded from the Workers' Compensation Act as a family farm and at what point they were required to have workers' compensation coverage. Delay in filing a claim may be excused if it was the result of the employer's misrepresentations. The employer's misleading statements need not be purposely deceptive to estop the employer from relying on a statutory time bar against its injured employee's claim for workers' compensation benefits. *Neuberger v. Hennepin County Workhouse,* 340 N.W.2d 330, 332 (Minn.1983); *Kahn v. State, University of Minnesota,* 289 N.W.2d 737 (Minn.1980); *see* 2B Larson, *supra* § 78.45. The compensation judge, while not expressly addressing the issue, indicated that the employer's representations would not excuse the delay where the employee could have sought benefits from the Special Compensation Fund. Excluded employment, however, does not come within the protection of the compensation act. Minn.Stat. § 176.041, subd. 1 (1984). Furthermore, the Act requires employers who have workers' compensation coverage to notify their employees of their rights and obligations. Minn.Stat. § 176.139 (1986). Consequently, it seems to us that an employee who has not been advised of his rights and obligations pursuant to the Workers' Compensation Act and whose employer has told the employee that his injuries are not covered, should not be expected to know more about insurance coverage and the Workers' Compensation Act than does his employer. *See Neuberger,* 340 N.W.2d at 332 (it is reasonable for an employee to rely on the employer's presumably greater knowledge of such matters). Particularly is this true with respect to farm workers, who are not always within the coverage of the Workers' Compensation Act. We therefore affirm the remand for further proceedings on the estoppel question, including the taking of additional evidence.

 Finally, because we affirm the remand, it seems desirable to address the compensation judge's denial for failure to pursue medical care in May and June 1985. Generally, if an employee has refused reasonable medical treatment, benefits may be suspended on the theory the disability is then attributable to the employee and not to the employer, *Dotolo v. FMC Corp.,* 375 N.W.2d 25 (Minn.1985); *Reese v. Preston Mktg. Assn.,* 274 Minn. 150, 142 N.W.2d 721 (1966). Here, the compensation judge found that the work injury sustained on March 27, 1985, was a substantial contributing cause of the loss of the eye; and as one of the WCCA judges observed, the compensation judge did not find that the delay in obtaining medical treatment was a superseding, intervening cause, sufficient to break the chain of causation. Indeed, there can hardly be any doubt that the work injury was a substantial contributing cause of the loss of the eye and, although the delay in securing medical treatment of the eye surely reflects a lack of good judgment, there is testimony from which it can be inferred that the disease resulting from the injury, siderosis, may have been irreversible by May 1985. Inasmuch as the disability has been found to be a consequence of the employment injury and not the result of an independent intervening cause attributable to the employee's own conduct, we reverse that portion of the compensation judge's order denying benefits for delay in obtaining appropriate medical treatment.

Affirmed in part and reversed in part.

Employee is awarded $400 in attorney fees.