**Robert F. LINNELL, Relator,**

v.

**CITY OF ST. LOUIS PARK, et al., Respondents,**

**Minnesota Department of Economic Security, etc., et al., intervenors, Respondents.**

No. 51288.

Supreme Court of Minnesota,
En banc.

May 15, 1981.

Smith, Juster, Feikema, Malmon & Haskvitz and J. Christopher Cuneo, Minneapolis, for relator.

William R. Pederson, Minneapolis, for City of St. Louis Park, et al.

Warren Spannaus, Atty. Gen., and James A. Jorgensen, Sp. Asst. Atty. Gen., St. Paul, for respondents.

PETERSON, Justice.

Certiorari on the relation of the employee to review a decision of the Workers' Compensation Court of Appeals, which found that employee's disabling heart attack did not arise out of and in the course of his employment as a police officer by the City of St. Louis Park and accordingly held that he was not entitled to compensation for temporary total disability and a 50% permanent partial disability of his entire body due to injury to his heart.[1] Employee urges that the Court of Appeals erred in failing to apply the presumption set forth in Minn. Stat. § 176.011(15) (1980) and that in any event the evidence required a finding that he suffered work-related stress which was a significant causative factor in his development of coronary atherosclerosis which in turn was a substantial contributing factor in his heart attack. The opinion accompanying the decision under review does not disclose whether the Court of Appeals viewed the presumption as applicable and, if so, what bearing it had on the decision. We are satisfied, however, that the presumption was applicable.

Minn.Stat. § 176.011, subd. 15 (1980) provides in pertinent part:

"Occupational disease" means a disease arising out of and in the course of employment peculiar to the occupation in which the employee is engaged and due to causes in excess of the hazards ordinary of employment.... Ordinary diseases of life to which the general public is equally exposed outside of employment are not compensable, except where the diseases follow as an incident of an occupational disease, or where the exposure peculiar to the occupation makes the disease an occupational disease hazard. The disease arises out of the employment only if there be a direct causal connection between the conditions under which the work is performed and if the occupational disease follows as a natural incident of the work as a result of the exposure occasioned by the nature of the employment.... If immediately preceding the date of his disablement or death, an employee was employed on active duty with an organized fire or police department of any municipality, ... and his disease is that of myocarditis, coronary sclerosis, pneumonia or its sequel, and at the time of his employment such employee was given a thorough physical examination by a licensed doctor of medicine, and a written report thereof has been made and filed with such organized fire or police department, ... the disease is presumptively an occupational disease and shall be presumed to have been due to the nature of his employment.

The compensation judge, with whom the Court of Appeals may have agreed, decided that the presumption was not applicable because respondent's police department had no report on file showing that employee had received a thorough preemployment physical examination. Employee presented uncontroverted evidence, however, that a

1. Although employee died from congestive heart failure shortly after the parties had filed their briefs in this court, the issues raised are not moot in view of Minn.Stat. § 176.021, subd. 3 (1980), entitling his dependents or heirs to payment for ascertained disability due him. Decision also is relevant to a possible claim for dependency compensation under Minn.Stat. § 176.111 (1980).

preemployment examination is required by respondent, that employee underwent such an examination, that he would not have been approved and hired if he had not undergone it, and that he would not have been hired if he had not had "a clean bill of health." He was in fact hired. The reasonable inferences from these facts are that the employer was informed of the result of employee's examination and that it did not reveal any disease or condition inconsistent with the work of police officers.

The purpose of requiring the preemployment examination and the written report concerning it clearly is to establish that an employee is free of the diseases specified in the statute at the onset of his employment. That purpose is met by the evidence and inferences in this case. Moreover, since it was the employer's prerogative to require the preemployment physical examination, it is reasonable to place upon the employer the burden of acquiring and filing the written medical report. Its absence, for whatever reason, should not defeat application of the presumption when, as here, the evidence and the reasonable inferences therefrom establish substantial compliance with the conditions precedent to its application. Indeed, in *Roope v. City of Austin*, 23 Minn. Workers' Comp. Dec. 9 (1963) the then Industrial Commission held the presumption applicable on similar facts.

We have decided under the circumstances to remand the matter for reconsideration of the evidence in light of the presumption. We recognize that our past decisions have perhaps not articulated its force and effect beyond stating that it governs decision on unopposed facts and that it is rebuttable but only by substantial proof to the contrary. *Jerabek v. Teleprompter Corp.*, 255 N.W.2d 377, 380 (Minn.1977); *Anderson v. City of Minneapolis*, 258 Minn. 221, 103 N.W.2d 397, 402 (1960). We construe section 176.011(15), however, to embody the legislature's presumably informed acceptance of the thesis that the occupations of firemen, policemen, and the other occupations specified in that provision are likely to involve greater stress, whether physical or emotional, or both, than other occupations and its acceptance also of the thesis, widely but not uniformly held, that such stress is causative of or contributory to the development of the specified heart and lung diseases. Other courts have differed in their views of the strength of similar statutory presumptions. *See* 1B Larson, Workmen's Compensation Law, § 41.72(a) (1980). It would seem that the presumption, if it is to have its intended effect, should not be rebuttable by medical opinion denying generally the correctness of either thesis accepted by the legislature. *Cf. Sperbeck v. Department of Industry, Labor & Human Relations*, 46 Wis.2d 282, 289, 174 N.W.2d 546, 549 (1970). In our view the presumption is something more than a procedural device initially relieving the employee of proving causal relationship between the stress of his occupation and the disease which results in his disability in that, to rebut the presumption, an employer is required to make a strong showing either that the particular claimant's duties were significantly less stressful than those of most employees in his occupation or that his disease and disability were the result of recognized causative factors which are not related to his occupation.

In light of the Court of Appeals' apparent failure to consider the statutory presumption, we do not at this time review the matter on the merits nor do we intimate any view as to its ultimate outcome. We remand so that the court may again reconsider the evidence, and the effect of the statutory presumption which, as we have indicated, places a substantial burden on the employer.

Employee is awarded attorneys fees of $400.

Remanded.