Charles D. COURTNEY, deceased Employee, by Ellen Courtney HIGDEM, Petitioner, Respondent,

v.

CITY OF ORONO, Self–Insured, and City of Orono, Employee Benefit Administration, Relators.

No. C6–88–148.

Supreme Court of Minnesota.

May 27, 1988.

Rehearing Denied July 5, 1988.

Peter J. Pusterino, Minneapolis, for appellant.

Curtis Foster, Minneapolis, for dependent children.

Stewart R. Perry, Wayzata, for respondent.

Considered and decided by the court en banc without oral argument.

AMDAHL, Chief Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's finding that the statutory presumption of causation set forth in Minn.Stat. § 176.011, subd. 15 (1982) was not applicable and reversing a finding that the employee's fatal heart attack did not arise out of and in the course of his employment as a police officer with the City of Orono. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

This case arose out of a claim by the deceased employee's spouse (petitioner) for dependency benefits in connection with the employee's fatal heart attack on April 5, 1982. At that time employee was employed as a police officer for the City of Orono. The City of Orono, the self-insured employer, denied liability claiming that death resulted from non-work related coronary artery disease, probably the result of employee's cigarette smoking habit. The compensation judge found that the statutory presumption for police officers did not apply to this case and that sufficient evidence had not been presented to establish legal causation so as to establish liability under the Workers' Compensation Act. On appeal, the Workers' Compensation Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings.

■ 1. Petitioner contends that the statutory presumption that coronary atherosclerosis is an occupational disease of a policeman was applicable to this case. Minn.Stat. § 176.011, subd. 15 (1982) provides in pertinent part:

If immediately preceding the date of his disablement or death, an employee was employed on active duty with an organized fire or police department of any municipality, as a member of the Minnesota state patrol, conservation officer service, state crime bureau, as a forest officer by the department of natural resources, or sheriff or full time deputy sheriff of any county, and his disease is that of myocarditis, coronary sclerosis, pneumonia or its sequel, and at the time of his employment such employee was given a thorough physical examination by a licensed doctor of medicine, and a written report thereof has been made and filed with such organized fire or police department, with the Minnesota state patrol, conservation officer service, state crime bureau, department of natural resources, or sheriff's department of any county, which examination and report negatived any evidence of myocarditis, coronary sclerosis, pneumonia or its sequel, the disease is presumptively an occupational disease and shall be presumed to have been due to the nature of his employment.

The purpose of the statutory requirement of a pre-employment physical examination is to provide a means of establishing that "an employee is free of the diseases specified in the statute at the onset of his employment." *Linnell v. City of St. Louis Park*, 305 N.W.2d 599, 601 (Minn.1981). We have held that the statutory presumption may still have application in the absence of such an examination if it can be established by some other evidence that the employee did not have the disease upon which benefits are claimed at the inception of employment. *Worden v. County of Houston*, 356 N.W.2d 693 (Minn.1984); *Linnell*, 305 N.W.2d 599. In this case, there was neither evidence, nor even an offer of evidence, that would have fulfilled the purpose of the statutory requisite for application of the presumption of causation.

■ 2. Both parties challenge the Workers' Compensation Court of Appeals reversal and order for remand on the issue of causation in the absence of the statutory

presumption. We have held that for a heart attack to qualify as a compensable injury or event, there is no requirement that work-related stress be the sole cause; it is sufficient for the stress to be a substantial contributing factor. *Aker v. State, Dep't of Natural Resources*, 282 N.W.2d 533 (Minn.1979). This court has set out a 2–step test for determining causation of stress-induced heart attacks: (1) Is there sufficient factual evidence to support a finding of legal causation under the act? [1] (2) Is there sufficient medical evidence to support the conclusion that the mental stress and strain (having been determined legally sufficient to support compensation) were medically related to the heart attack? *Egeland v. City of Minneapolis*, 344 N.W.2d 597, 603 (Minn.1984); *Klapperich v. Agape Halfway House*, 281 N.W.2d 675 (Minn.1979); 1B A. Larson, *The Law of Workmen's Compensation*, § 38.33(a) (1983).

██ To prove legal causation, the employee must produce evidence that the stress was extreme or beyond the ordinary-day-to-day stress to which all employees are exposed. *Egeland*, 344 N.W.2d at 603. In this case, the compensation judge analyzed the legal causation issue in terms of whether the stress experienced by this employee was beyond that of his immediate fellow officers rather than whether it was beyond the daily stress of all persons employed. He made no findings as to the medical causation issue. Because the compensation judge failed to analyze the evidence under the *Egeland/Klapperich* two-part test, we agree with the Workers' Compensation Court of Appeals that the case must be remanded for reconsideration and a factual determination of the issue of causation, both legal and medical.[2]

██ 3. The final issue concerns the Workers' Compensation Court of Appeals' ruling on an evidentiary matter. Relying on *Linnell v. City of St. Louis Park*, 305 N.W.2d 599 (Minn.1981), the Workers' Compensation Court of Appeals held that because a defense medical expert in this case rejected the theory that stress can contribute to the development of heart disease, his opinion that employee's heart attack was not work-related lacked evidentiary value. In *Linnell*, we held that in a case where the police officer was statutorily presumed to have sustained a work-related heart attack, the employer could not rebut the presumption by medical opinion denying generally the correctness that stress is causative or contributory to the development of the heart disease. The Workers' Compensation Court of Appeals then concluded that because the legislature has determined that stress-induced heart disease is compensable, under the rationale of *Linnell*, an employer cannot defeat a claim of stress-induced heart disease by opinion from an expert who generally does not accept the theory. We do not believe that *Linnell* necessarily leads to the conclusion that the testimony of a physician who does not accept the causation theory is completely devoid of evidentiary value. In this case, the expert did opine that smoking could be a cause of heart disease, and it was undisputed that employee smoked three packs of cigarettes daily. Such testimony is certainly relevant on the issue of whether something other than stress caused this employee's heart disease. We therefore hold that on remand, the testimo-

---

1. An employer in Minnesota is liable for compensation "in every case of personal injury or death of his employee arising out of and in the course of employment without regard to the question of negligence." Minn.Stat. § 176.021, subd. 1 (1982). "Personal injury" is defined as "injury arising out of and in the course of employment and includes personal injury caused by occupational disease; * * *." Minn.Stat. § 176.011, subd. 16 (1982).

2. We recognize that if the legal causation issue is answered in the negative, the medical causation issue must necessarily be answered in the negative as well. Nevertheless, we believe that in practice the better course is for the compensation judge to make findings on both aspects of the causation issue. Even if the legal causation issue is answered in the affirmative, it is possible in cases where the presumption statute is not applicable for the medical causation issue to still be answered in the negative. If there is an appeal and a negative determination on the legal causation issue is reversed, a remand for further proceedings and fact finding on medical causation could be avoided.

ny of the adverse medical expert as to other causative factors may properly be considered by the fact-finder. The adverse expert's opinion that stress did not cause this employee's heart disease still may not, however, under *Linnell* be used to defeat the petitioner's claim.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.