**Ronald K. LUNDGREN, Respondent,**

v.

**CITY OF MINNEAPOLIS,**
**Self–Insured, Relator,**

and

**HMO Minnesota, Intervenor.**

**No. C4–89–532.**

Supreme Court of Minnesota.

June 23, 1989.

Robert J. Alfton, City Atty., David M. Cross, Asst. City Atty., Minneapolis, for relator.

Lorrie L. Bescheinen, John D. Mariani, Minneapolis, for respondent.

KEITH, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals reversing, by majority, the compensation judge's determination that the employee's coronary artery disease did not arise out of and in the course of his employment as a police officer for the City of Minneapolis. The workers' compensation claim in this case was premised on significant disability arising out of atherosclerotic coronary artery occlusive disease for which the employee, a police officer with the department since 1968, underwent quadruple coronary artery bypass surgery in 1985. Specifically, the claim was based on an allegation that the coronary artery disease was causally related to work-related stress. The compensation judge denied benefits finding (a) that the statutory presumption of causation for peace officers [1] had been rebutted

1. Minn.Stat. § 176.011, subd. 15(a) (1988) provides in pertinent part:

> If immediately preceding the date of disablement or death, an employee was employed on active duty with an organized fire

or police department of any municipality, as a member of the Minnesota state patrol, conservation officer service, state crime bureau, as a forest officer by the department of natural resources, or sheriff or full time deputy sher-

in this case and (b) that in the absence of this presumption, the evidence of stress was insufficient to establish the causal link between the sergeant's job and his coronary artery disease. The Workers' Compensation Court of Appeals, by majority decision, reversed the finding as to causation and awarded benefits. The city has appealed, arguing that, given the legislatively mandated standards of review, the Workers' Compensation Court of Appeals exceeded its authority. After scrutinizing the files and records in this case, we agree. Accordingly, without further discussion, we reverse the decision of the Workers' Compensation Court of Appeals and rein-

state the decision of the compensation judge. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 59 (Minn.1984); *Redgate v. Sroga's Standard Service*, 421 N.W.2d 729, 734 (Minn.1988); *see also Egeland v. City of Minneapolis*, 344 N.W.2d 597, 603 (Minn.1984).

Reversed and decision of compensation judge reinstated.

iff of any county, and the disease is that of myocarditis, coronary sclerosis, pneumonia or its sequel, and at the time of employment such employee was given a thorough physical examination by a licensed doctor of medicine, and a written report thereof has been made and filed with such organized fire or police department, with the Minnesota state patrol, conservation officer service, state crime bu-

reau, department of natural resources, or sheriff's department of any county, which examination and report negatived any evidence of myocarditis, coronary sclerosis, pneumonia or its sequel, the disease is presumptively an occupational disease and shall be presumed to have been due to the nature of employment.