Charles D. COURTNEY, deceased employee, by Ellen Courtney HIGDEM, Respondent,

v.

CITY OF ORONO, Self Insured/EBA, Relators.

No. C4-90-1282.

Supreme Court of Minnesota.

Nov. 30, 1990.

---

Pusterino, Pederson, Tilton & Farrington, Peter J. Pusterino, Jeffrey J. Lindquist, Minneapolis, for relators.

Michael Saeger, St. Paul, for respondent.

COYNE, Justice.

This workers' compensation matter, before us for the second time, arose out of a claim for dependency benefits based on a policeman's fatal heart attack. The Workers' Compensation Court of Appeals (WCCA), by majority decision, reversed a compensation judge's denial of the claim for dependency benefits. Because we conclude that the compensation judge's findings pertaining to causation had substan-

tial evidentiary support, we reverse and reinstate the decision of the compensation judge.

Charles D. Courtney, a City of Orono police officer, died at his home on April 5, 1982, of a myocardial infarction. The 48–year–old employee was 6 feet 2 inches tall and weighed 232 pounds. The autopsy report revealed that the employee had severe atherosclerotic coronary disease and diverticulitis of the colon. The employee had smoked three packs of cigarettes per day and one doctor characterized him as obese. The compensation judge found there was no family history of heart disease but some of hypertension, though the employee had not appeared to have been suffering from it.

Ellen Courtney Higdem filed a claim for workers' compensation dependency benefits which was litigated before a compensation judge. Relevant evidence included the testimony of Orono police officers who described their work activities as more administrative in nature and community service oriented than law enforcement oriented.

The testimony about the employee varied more than considerably. There was testimony that he was fearful, that he regarded his work as stressful and that his habits and demeanor changed in a way suggestive of stress. On the other hand, there was testimony that he did not appear fearful, that he seemed to like firing guns and driving fast and that he was "laid back" and nonchalant about his work.

There was testimony from a consulting psychologist and cardiologist that the employee's work was stressful and substantially contributed to the development of his heart disease and death. There was expert testimony that his work was not a substantial contributing factor in the development of his heart disease and there was testimony that smoking and obesity promote heart disease.

The compensation judge denied the claim for benefits, finding that the statutory presumption for police officers did not apply to this case,[1] and that there was insufficient

---

1. Minn.Stat. § 176.011, subd. 15 (1982) provides:

If immediately preceding the date of his disablement or death, an employee was

evidence to support findings of legal or medical causation. The WCCA affirmed the finding with respect to the statutory presumption and remanded for reconsideration of causation. The WCCA also held that none of the testimony of the employer's medical expert could be considered because he did not accept the theory of stress-induced heart disease.

On appeal to this court, we said the statutory presumption did not apply and that a remand was necessary for reconsideration of the evidence under the two-part test of *Egeland v. City of Minneapolis*, 344 N.W.2d 597, 603 (Minn.1984); and *Klapperich v. Agape Halfway House, Inc.*, 281 N.W.2d 675 (Minn.1979). We also held that the testimony of a medical expert who does not accept a legislatively recognized theory of medical causation is not totally devoid of evidentiary value, and we directed that on remand the testimony of the employer's medical expert regarding causative factors other than stress could be properly considered by the factfinder. It is testimony that stress does not cause heart disease which cannot be used to defeat either the presumption or the claimant's evidence that the disease was caused by work-related stress. *Courtney by Higdem v. City of Orono*, 424 N.W.2d 295, 297–98 (Minn. 1988). (*Courtney I*).

On remand, because the compensation judge before whom the matter was initially litigated was unavailable, the case came before a different compensation judge. At the election of the parties, the matter was submitted for redetermination on the existing record. The claim was again denied for lack of sufficient evidence of legal or medical causation. Specifically, the compensation judge found that there was insufficient factual evidence that the stress experienced by the employee was beyond the ordinary day-to-day stress to which all employees are exposed. In addition, he found that the opinion of the employee's medical expert was unsupported by the evidence adduced at the hearing—that is, he found that the foundation was defective because the employee's medical expert had assumed stress which did not exist. On the second appeal the WCCA, by panel majority, again reversed the denial of benefits and ruled that benefits should be awarded. The matter is once again before us upon a writ of certiorari issued to the City of Orono.

■ The compensability of an alleged stress-induced heart attack is determined by application of the two-part causation test that we set out originally in *Klapperich* and reaffirmed in *Egeland* and again in *Courtney I:* (1) Is there sufficient factual evidence to support a finding of legal causation under the statute? (2) Is there sufficient medical evidence to support the conclusion that the mental stress and strain (having been found legally sufficient to support compensation) were medically related to the heart attack? *Courtney I*, 424 N.W.2d at 297 (citing *Egeland*, 344 N.W.2d at 603; *Klapperich*, 281 N.W.2d 675; 1B Larson, *The Law of Workmen's Compensation*, § 38.83(a) (1983)).

■ In *Courtney I* we reiterated the rule that to prove legal causation, "the employee must produce evidence that the stress was extreme or beyond the ordinary

employed on active duty with an organized fire or police department of any municipality, as a member of the Minnesota state patrol, conservation officer service, state crime bureau, as a forest officer by the department of natural resources, or sheriff or full time deputy sheriff of any county, and his disease is that of myocarditis, coronary sclerosis, pneumonia or its sequel, and at the time of his employment such employee was given a thorough physical examination by a licensed doctor of medicine, and written report thereof has been made and filed with such organized fire or police department, with the Minnesota state patrol, conservation officer service, state crime bureau, department of natural resources, or sheriff's department of any county, which examination and report negatived any evidence of myocarditis, coronary sclerosis, pneumonia or its sequel, the disease is presumptively an occupational disease and shall be presumed to have been due to the nature of his employment.

Charles Courtney was appointed a part-time police officer in Orono in June of 1967 and became a full-time officer in 1969. There was no preemployment physical examination and no intervening examination which could take the place of the preemployment exam.

day-to-day stress to which all employees are exposed," *id.*, and in *Egeland* we also said that it was "important to establish factually the existence of stress in the workplace other than by means of the disabled employee's own testimony." 344 N.W.2d at 603. Here, following the hearing on remand, the compensation judge found that there was insufficient objective evidence to justify a finding that whatever stress Courtney experienced was beyond the ordinary day-to-day stress to which all employees are exposed. This finding was supported by the testimony of officers who characterized the police work in Orono as more community service oriented than law enforcement oriented and described the employee as "laid back" and comfortable with his job.

We have said repeatedly that the Workers' Compensation Court of Appeals must affirm the findings of the compensation judge if those findings are supported by evidence which a reasonable mind might accept as adequate and that where evidence conflicts or more than one inference could be drawn, the findings must be affirmed. *Hengemuhle v. Long Prairie Jaycees*, 358 N.W.2d 54, 59–60 (Minn.1984). *Accord, Gibberd by Gibberd v. Control Data Corp.*, 424 N.W.2d 776, 779 (Minn. 1988).[2] Here there was evidence to support the compensation judge's findings and the Workers' Compensation Court of Appeals was obliged to affirm. *See Lundgren v. City of Minneapolis*, 441 N.W.2d 808 (Minn.1989).

Reversed and decision of compensation judge reinstated.

---

**2.** That on remand the matter was submitted on the existing record does not change the standard of review set out in *Hengemuhle*. Whether the evidence is documentary or oral, it is not the function of a reviewing court to try the facts anew. *Cf.*, Rule 52.01, Minn.R.Civ.P.