Barbara CHILDERS, Relator,

v.

HONEYWELL, INC., Axia Services, Inc., Self–Insured, Respondent,

and

Minnesota Dept of Jobs & Training/UI, Blue Cross and Blue Shield of Minnesota, intervenors, Respondents.

No. C3–93–1093.

Supreme Court of Minnesota.

Sept. 24, 1993.

Michael J. Garvey, Jr., St. Paul, for relator.

Susan S. Byers, Minneapolis, for Honeywell.

Richard H. Rhode, Dept. of Jobs & Training, St. Paul, for MN Dept. of Jobs & Training/UI.

Thomas F. Gilde, Blue Cross/Blue Shield of MN, St. Paul, for Blue Cross & Blue Shield of MN.

KEITH, Chief Justice.

The Workers' Compensation Court of Appeals reversed the compensation judge's finding that Barbara Childers' mental injury was causally related to her compensable physical injury. We reverse and reinstate the compensation judge's finding and award based thereon. The denial of a credit against compensation benefits for severance pay is affirmed.

In November 1990, Barbara Childers sustained a compensable low back injury, lost some time from work, eventually resumed her regular job but was laid off shortly thereafter, after some 27 years with Honeywell. She was paid wages for the next 2 weeks after which she received her severance pay.[1]

---

1. Honeywell had a severance pay plan, governed by the Employee Retirement Income Security Act of 1978 (ERISA), which paid Childers an amount equal to her salary for 39 weeks after her layoff. Childers had the option of receiving payments on a weekly basis or in a lump sum. She elected the weekly installments. The total amount of severance pay was based on her years of service with Honeywell.

Childers sought workers' compensation benefits, alleging that her back injury had precipitated a disabling depression. In Minnesota, mental injury produced by physical stimulus is compensable. *E.g., Dotolo v. FMC Corp.,* 375 N.W.2d 25, 27 (Minn.1985). *See also Johnson v. Paul's Auto & Truck Sales,* 409 N.W.2d 506, 508 (Minn.1987). "As in other connections, a preexisting weakness in the form of a neurotic tendency does not lessen the compensability of an injury which precipitates a disabling neurosis." 1B Larson, *The Law of Workmen's Compensation,* § 42.22(b), 7–856 (1993) (citations omitted). However, where other possible causes of mental injury are present, some medical opinion causally relating the mental injury to the employee's physical injury is required. *Rindahl v. Brighton Wood Farms, Inc.,* 382 N.W.2d 855, 856–57 (Minn.1986). In Childers' case, a fair reading of the reports from Licensed Psychologist Dummer and Dr. Ed L. Chua in their entirety provide the requisite support for the compensation judge's decision. "Whether the evidence is documentary or oral, it is not the function of a reviewing court to try the facts anew." *Courtney, by Higdem v. City of Orono,* 463 N.W.2d 514, 517, n. 2 (Minn.1990).

As for the compensation judge's denial of Honeywell's claim of a credit against compensation benefits for severance pay, the WCCA properly affirmed. Honeywell's severance payment was a contractual obligation to employees laid off or involuntarily terminated, and the amount of severance pay was based on past service rather than on the injury as such. *See* 1C Larson, *supra* § 57.-46(c) (1993).

Reversed in part, affirmed in part.

Employee is awarded $400 in attorney fees.